UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID COBB | CIVIL ACTION |
| VERSUS | NO. 11-2595 |
| HARAHAN, CITY LOUISIANA, ET AL. | SECTION: "H"(1) |

### ORDER & REASONS

IT IS ORDERED that the Motion to Dismiss Case by Provino Mosca (R. Doc. 7) and Motion to Dismiss or Alternatively Motion for More Definite Statement by Harahan City, Louisiana ("Harahan") and Provino Mosca ("Mosca") (R. Doc. 8) are DENIED.

### LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable

1

for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**DISCUSSION**

*I.    Plaintiff's Procedural Due Process Claim Against Both Defendants*

The Court finds that Plaintiff has stated factual allegations sufficient to maintain his claims against both Harahan and Mosca. Plaintiff's allegations are not merely conclusory. Rather, Plaintiff makes specific allegations in support of his procedural due process claims. Specifically, Plaintiff sufficiently alleges that he was a "department head" under the Lawrason Act and accordingly had a property interest in his employment. (R. Doc. 1 at ¶¶ 8, 26.) Plaintiff also alleges that Defendants did not follow the proper process in terminating his employment because they did not seek city

council approval as the Lawrason Act requires. (*Id.* at ¶ 15.) Accordingly, Plaintiff has sufficiently stated a claim that he was deprived of a property interest in his employment without due process of law, and Defendants' Motions are denied as to Plaintiff's procedural due process claim.

    II.    *Qualified Immunity of Defendant Mosca*

Defendant Mosca asks the Court to dismiss Plaintiff's procedural due process claim against him under the doctrine of qualified immunity. At this juncture, the Court cannot find that Mosca is entitled to qualified immunity on Plaintiff's procedural due process claim. As previously explained, Plaintiff has sufficiently stated a claim for violation of his procedural due process rights, meeting the first prong of the qualified immunity test. The Court now must consider whether Mosca's actions, as alleged in Plaintiff's Complaint, were objectively unreasonable in light of clearly established law at the time of his conduct. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). The Court will not make this determination at the motion to dismiss stage. Mosca may re-urge the qualified immunity argument at summary judgment if it is appropriate to do so.

    III.    *Fair Labor Standards Act Claim Against Harahan*

Plaintiff alleges that Defendant Harahan violated the Fair Labor Standards Act ("FLSA") by withholding his overtime pay. Harahan, however, argues that Plaintiff does not have a claim under the FLSA because he was salaried employee exempt from over time pay. Plaintiff's Complaint concedes that he was classified as an exempt employee. (R. Doc. 1 ¶ 31.) However, Plaintiff also alleges that Harahan took deductions from his pay when he worked less than a full day. (*Id.* ¶ 33.)

The FLSA exempts certain employers from the requirement of overtime pay. 29 U.S.C. §213(a)(1). The United States Code of Federal Regulations provides that "[a]n employer who makes improper deductions from salary shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a). Here, Plaintiff's Complaint includes enough facts to allege that Defendant made improper deductions from his salary such that it forfeited its rights with respect to its exemption of overtime pay to Plaintiff. Accordingly, Harahan's Motion to Dismiss is denied as to Plaintiff's FLSA claim.

IV. *Defendants' Motion for a More Definite Statement*

Defendants' Motion for a More Definite Statement is also denied. Under Fed. R. Civ. Proc. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e) (2012). Generally, granting a motion under Rule 12(e) is appropriate when "(1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice." *Roque v. Harrah's Casino, N.O.*, No. 09-2552, 2009 WL 3045984, at *2 (E.D. La. Sept. 17, 2009). As previously explained, the allegations in Plaintiff's Complaint are more than sufficient to allow Defendants to respond to the Complaint and to put Defendants on notice of Plaintiff's claims against them.

**CONCLUSION**

In conclusion, the Motions to Dismiss and Motion for a More Definite Statement are denied.

Plaintiff has sufficiently stated a claim upon which relief may be granted.


New Orleans, Louisiana, on this 14th day of August, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**